1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,              No.  2:07-CR-00165-MCE

12                  Plaintiff,

13         v.                                **ORDER**

14    JOSE MARIA MEZA PORTILLO,

15                  Defendant.

16

17         Defendant Jose Maria Meza Portillo ("Defendant") was convicted of Conspiracy to

18    Possess with Intent to Distribute and Distribute Cocaine and was sentenced by the

19    Honorable Judge Lawrence K. Karlton on June 15, 2010, to 235 months of

20    imprisonment.  Upon Judge Karlton's retirement, the matter was reassigned to this

21    Court.  ECF No. 299.  Presently before the Court is Defendant's Motion to Reduce

22    Sentence.  ECF No. 300.  This matter was referred to the Office of the Federal Defender,

23    which subsequently filed a notice indicating that it would not be supplementing

24    Defendant's motion.  ECF Nos. 302-303.[1]  The Government opposes Defendant's

25    request.  ECF No. 316.  For the reasons that follow, that Motion is DENIED.

26

27         [1] The filing submitted by the Federal Defender's Office more specifically states that it is not
"recommend[ing] appointment of counsel in this case."  ECF No. 303.  However, that office had already
been appointed pursuant to Eastern District General Order 546.  The filing is thus more properly construed
28    as a decision not to add to the record.

1    Defendant seeks to reduce his sentence in light of the United States Sentencing

2    Commission's passage of Amendment 782.  Generally, Amendment 782 revised

3    downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1.  Although

4    Amendment 782 became effective November 1, 2014, it applies retroactively.  See

5    U.S.S.G. § 1B1.10(d), (e)(1).

6    "When the Commission makes a Guidelines amendment retroactive, 18 U.S.C.

7    § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is

8    based on the amended provision."  Dillon v. United States, 560 U.S. 817, 821 (2010).

9    "Any reduction must be consistent with applicable policy statements issued by the

10   Sentencing Commission."  Id.  "The relevant policy statement, USSG § 1B1.10, instructs

11   courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while

12   'leav[ing] all other guideline application decisions unaffected.'"  Id. (quoting U.S.S.G. §

13   1B1.10(b)(1)).  Under § 3582(c)(2), a court may then grant a reduction within the

14   amended Guidelines range if it determines that one is warranted "'after considering the

15   factors set forth in section 3553(a) to the extent that they are applicable.'"  Id. at 822.

16   "Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting

17   under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of

18   the amended guideline range.'"[2]  Id.  In addition, "a reduction in the defendant's term of

19   imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the]

20   amendment . . . does not have the effect of lowering the defendant's applicable guideline

21   range."  U.S.S.G. § 1B1.10(a)(2)(B).

22   Defendant is not eligible for a reduction in his sentence because Amendment 782

23   "[did] not have the effect of lowering [his] applicable guideline range."  Id.  To the

24   contrary, when Defendant was originally sentenced, it was not pursuant to the offense

25   levels set forth in U.S.S.G. § 2D1.1.  Instead, Defendant was sentenced pursuant to the

26

27        [2] Those limited circumstances, which are not applicable here, arise when "the term of
     imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable
     to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's
28   substantial assistance to authorities."  U.S.S.G. § 1B1.10(b)(2)(B).

1   Career Offender Guideline, U.S.S.G. § 4B1.1, which is unaffected by Amendment 782.

2   Because the amendment does not apply to reduce Defendant's offense level, his Motion

3   (ECF No. 300) is DENIED.  See United States v. Waters, 658 F.3d 1114, 1117 (9th Cir.

4   2011).

5          IT IS SO ORDERED.

6   Dated:  February 2, 2016

7

8

9                                    _____

10                                   MORRISON C. ENGLAND, JR., CHIEF JUDGE
                                     UNITED STATES DISTRICT COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28