UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE MARIA MEZA PORTILLO,<br><br>Defendant. | No. 2:07-cr-00165-TLN<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant Jose Maria Meza Portillo's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 325.) The Government filed an opposition.  (ECF No. 334.)  Defendant did not file a reply.  For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On November 24, 2009, Defendant plead guilty to one count of a one-count Indictment. (ECF Nos. 186, 187.) The Indictment charged conspiracy to possess with intent to distribute cocaine with a prior drug conviction in violation of 21 U.S.C. §§ 846 and 841(a)(1). (ECF No. 57.)

On June 15, 2010, the Court sentenced Defendant to a 235-month term of imprisonment followed by a 60-month term of supervised release. (ECF Nos. 237, 240.) Defendant is currently serving his sentence at FCI-Edgefied. (ECF No. 335 at 22–23.) Defendant has served 193 months of his 235-month sentence, and his projected release date with the application of good conduct time is November 5, 2024. (*Id.*) Defendant, proceeding *pro se*, filed the instant motion for compassionate release, and requests the Court reduce his term of imprisonment to time served. (*Id.*)

**II.   ANALYSIS**

    A.   <u>Exhaustion</u>

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

It is undisputed Defendant met the threshold exhaustion requirement. On March 26, 2023, Defendant submitted a request to the warden for compassionate release, which is still pending. (ECF No. 325 at 32.) Because more than 30 days have elapsed since that request, Defendant meets the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

///

///

B. <u>Extraordinary and Compelling Reasons</u>

The Court turns now to the merits of Defendant's motion. Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Ninth Circuit has held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* The Court thus looks to § 1B1.13 as persuasive authority.

Defendant argues the following constitute extraordinary and compelling reasons for his release: (1) his medical conditions, such as anxiety, cataract, and disc degeneration, which make him more vulnerable to COVID-19; and (2) if sentenced today, Defendant would not be considered a career offender under U.S.S.G. § 4B1.2(b). (ECF No. 325 at 14–15,18.) In opposition, the Government argues Defendant fails to demonstrate how his medical conditions and career offender status constitute extraordinary circumstance to warrant early release. (ECF No. 334.) For the reasons set forth below, the Court agrees with the Government.

First, Defendant has not shown that his medical conditions constitute extraordinary and compelling reasons for release. Defendant's medical records, filed under seal by the Government, indicate he is suffering from various conditions, including: anxiety, adjustment disorder with depressed mood, cataract, disc degeneration, nerve pain, and glaucoma (Exhibit 2 at 47–48.) The Government argues and the Court agrees these conditions do not amount to extraordinary or compelling circumstances because Defendant is not suffering from any CDC identified health condition that "can make [Defendant] more likely to get sick from COVID-19." *See* Ctrs. for Disease Control & Prevention, *Coronavirus Disease 2019* (COVID-19), *People With Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extraprecautions/people-with-medical-conditions.html (last visited September 5, 2023); *see*

3

1  *United States v. Miller*, No. 15-CR-00471-CRB-1, 2021 WL 2711728, at *3 (N.D. Cal. July 1,
2  2021) (denying compassionate release where Defendant's medical conditions did not make it
3  more likely they could get severely ill from COVID-19).  Moreover, it appears none of
4  Defendant's conditions substantially diminish his ability to provide self-care to treat his
5  conditions and, from the record currently before the Court, the BOP is capable of adequately
6  treating Defendant's conditions.

7  Second, Defendant contends he is eligible for early release because if sentenced today, he
8  would no longer be considered a career offender based upon intervening changes in the law.
9  (ECF No. 325 at 13–17.)  The Government disagrees and argues the Ninth Circuit's recent
10  interpretation of the career offender definition under U.S.S.G. § 4B1.2(b) does not amount to an
11  extraordinary or compelling reason to reduce Defendant's sentence.  The Court agrees with the
12  Government.

13  "[T]he First Step Act allows district courts to consider intervening changes of law or fact
14  in exercising their discretion to reduce a sentence pursuant to the First Step Act." *Concepcion v.*
15  *United States*, 142 S. Ct. 2389, 2404 (2022).  The Ninth Circuit has also held a court "may
16  consider non-retroactive changes in sentencing law, in combination with other factors particular
17  to the individual defendant, when analyzing extraordinary and compelling reasons for purposes of
18  § 3582(c)(1)(A)." *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022.)

19  In the instant case, Defendant's Pre-Sentencing Report ("PSR") classified Defendant as a
20  career offender under U.S.S.G § 4B1.2(b) because Defendant's conspiracy offense involved a
21  controlled substance and he had at least two prior convictions for either a crime of violence or a
22  controlled substance.  (ECF No. 325 at 14.)  Since Defendant's sentencing, the Ninth Circuit held
23  a "conspiracy conviction does not qualify as a 'controlled substance offense' under U.S.S.G. §
24  4B1.2(b)" because conspiracy is an inchoate crime which is not specifically listed as a "controlled
25  substance offense" for the career enhancement.  *United States v. Castillo*, 2023 WL 3732587, at
26  *5 (9th Cir. May 31, 2023.)  Thus, Defendant argues, if sentenced today, he would not have
27  received a career offender enhancement.  (ECF No. 325 at 13–17.)  However, the Sentencing
28  Commission has proposed an amendment to the career offender guidelines under U.S.S.G §

4

4B1.2(b), which will clarify for courts that defendants can be sentenced under the career offender guideline based upon inchoate offenses like conspiracy.  *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, 55, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf (last visited September 5, 2023).  Absent congressional action, the proposed amendment will go into effect on November 1, 2023, and the Ninth Circuit's holding in *Castillo* will become inapplicable to Defendant because his conspiracy conviction will again qualify him for a career offender enhancement.  Given the effect of this soon to be enacted amendment to the Sentencing Guidelines, the Court finds the Ninth Circuit's *Castillo* decision does not constitute an extraordinary and compelling circumstance for Defendant's release.

Accordingly, the Court finds Defendant has not shown extraordinary and compelling reasons for his release.

### C.     18 U.S.C. § 3553(a) Factors

In addition, the Court finds a sentence reduction is not warranted under the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors.  18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release).

In arguing the § 3553(a) factors warrant a time served sentence, Defendant discusses, generally, his rehabilitation efforts in prison and his non-violent history.  Defendant's primary argument, however, focuses on how his status as a career offender creates an unwarranted disparity among defendants with similar records.

First, given the Sentencing Commissions pending amendment to § 4B1.2, the Court finds there is no need to amend Defendant's sentence to time served to avoid unwarranted sentencing disparities among defendants with similar records.  Second, the Court reviewed Defendant's disciplinary record while incarcerated and finds it does not demonstrate Defendant is rehabilitated.  While incarcerated, Defendant was disciplined nine times for unsanctioned behavior including: drug and alcohol use; possessing drugs and alcohol; failing to stand count; possessing an unauthorized item; misusing medication; and assault without serious injury.  (ECF No. 334 at 11.)  For this behavior, Defendant was sent to disciplinary segregation, which

prevented him working consistently while incarcerated. (ECF No. 341-1.) Finally, the nature and circumstances of Defendant's offense are serious. Defendant plead guilty to conspiring to deliver 100 kilograms of cocaine to others. (*Id.*) For his role in the conspiracy, wiretaps reveled Defendant was a major cocaine supplier to an organization of Northern California drug dealers. (*Id.*) Accordingly, the Court finds a 235-month sentence is reasonable but not greater than necessary to deter Defendant and others from committing similar crimes, to promote respect for the law, and to provide just punishment.

### III.   CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 325.)

IT IS SO ORDERED.

Date: September 13, 2023

Troy L. Nunley
United States District Judge